UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HYUN J. UM and JIN S. UM, THOMAS W. PRICE and PATRICIA A. PRICE,<br><br>Debtors,<br><br>———<br><br>ERIC D. ORSE,<br><br>        Appellant,<br><br>   v.<br><br>SPOKANE ROCK I, LLC,<br><br>        Appellee. | CASE NO. C14-5593 BHS<br><br>OPINION |

This matter comes before the Court on Appellant Trustee Eric D. Orse's ("Trustee") appeal of the bankruptcy court's order denying in part the Trustee's objection to late filed claims. The Court has considered the pleadings filed in support of and in opposition to the appeal and the remainder of the file and hereby affirms.

**I. PROCEDURAL HISTORY**

On August 17, 2010, Debtors Hyun and Jin Um and Debtors Thomas and Patricia Price ("Debtors") separately filed voluntary chapter 11 bankruptcy petitions, which were subsequently consolidated. Record of Appeal ("App.") 513.  It is undisputed that January 11, 2011 was the deadline for filing claims in the proceeding. *Id*.

OPINION - 1

1  In January of 2012, Prium Companies LLC ("Prium"), a company managed by
2  Mr. Um and Mr. Price, filed suit against Appellee Spokane Rock I, LLC ("Spokane") in
3  King County Superior Court for the State of Washington. App. 895.  In January of 2013,
4  Spokane filed an amended answer asserting counterclaims against Prium and Debtors for
5  "fraud, fraudulent concealment, misrepresentation, breach of fiduciary duty, conversion,
6  breach of contract, breach of covenant of good faith and fair dealing, and a request for an
7  accounting."  *Id*. 895–896.  On April 15, 2014, the state court entered default judgment
8  against Prium and Debtors as sanctions for discovery violations and other conduct.  The
9  state court set the matter for trial in July of 2014 to determine the amount of damages.
10  On April 24, 2014, the Trustee filed an objection to Spokane's claim in the
11  Debtors' bankruptcy matter.  The Honorable Paul Snyder, United States Bankruptcy
12  Judge, found the objection unusual because no claim had been filed, but converted the
13  objection into a motion.  App. 897–898.  Judge Snyder concluded that it was "undisputed
14  that Spokane Rock did not file a proof of claim by [the deadline]."  App. 899.  Judge
15  Snyder also concluded that Spokane had shown excusable neglect for missing the
16  deadline with respect to some claims.  *Id*. 909.
17  The Trustee filed a timely notice of appeal.  *Id*. 911–912.

**II. DISCUSSION**

**A.   Standard of Review**

"Whether or not to extend a bar date is a matter within the sound discretion of the bankruptcy court and such a decision will not be set aside absent an abuse of discretion." *In re Dix*, 95 B.R. 134, 136 (B.A.P. 9th Cir. 1988) (citations omitted).  A court abuses its

discretion when it makes an error of law or relies on a clearly erroneous factual determination. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000).

**B.   Knowledge**

The Trustee argues that Judge Snyder erred as a matter of law because he applied the wrong rule of law on the issue of Spokane's knowledge of its claims against the Debtors. Dkt. 5 at 15. The Trustee asserts that Spokane's claim arose when the claim was within Spokane's fair contemplation. *Id*. at 16–17. Based on this assertion, the Trustee argues that Judge Snyder erred because he considered when Spokane had actual knowledge of the claim. *Id*. The Trustee, however, fails to show that there exists a subjective component on the issue of whether Spokane missed the claim filing date. Before discharge, the sole question is whether Spokane filed claims by the court imposed deadline. The answer to that question is undisputed, and then the claimant has the burden to show excusable neglect. Fed. R. Bankr. P. 90006(b)(1); *In re Cahn*, 188 B.R. 627, 631 (B.A.P. 9th Cir. 1995). Therefore, the Trustee's argument that Judge Snyder erred as a matter of law because he imposed the incorrect "knowledge" standard when determining whether Spokane missed the claim filing deadline is without merit.

**C.   Excusable Neglect**

To determine whether neglect is excusable, the Supreme Court has stated that the test "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). These circumstances include:

> (1) the danger of prejudice to the debtor [or to the nonmoving party]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.

*Id*.

In this case, the Trustee essentially reargues his position to this Court. *See* Dkt. 5 at 24–30. The Trustee, however, must show that Judge Snyder either made an error of law or relied on a clearly erroneous factual determination. *Bateman*, 231 F.3d at 1223. At most, the Trustee attempts to show that Judge Snyder relied on a clearly erroneous determination as to the length of the delay because he considered the delay from when Spokane had actual knowledge of its claims instead of when Spokane could fairly contemplate its claims. Dkt. 5 at 28–29. But the test is the length of the delay and its impact on the proceeding. Judge Snyder concluded that, whatever delay existed, it did not impact the proceeding because the Trustee has "sufficient time to begin formulating a plan of reorganization." App. 906. Therefore, in light of all of the circumstances, the Court is unable to conclude that Judge Snyder abused his discretion in denying the Trusteee's objection.

**AFFIRMED.**

Dated this 7th day of January, 2015.

_____
BENJAMIN H. SETTLE
United States District Judge